## DENNARD v. LEWIS.

HILL, J. 1. On the trial of an equitable petition brought against certain defendants to recover described lands in their possession, where the plaintiff prayed for injunction, receiver, etc., and a cross-petition was filed by one who intervened and had himself made a party defendant and claimed title to the land, all the other defendants disclaiming title except as against the plaintiff, it was not error to refuse to permit the plaintiff to introduce in evidence an affidavit of one who had since died, and who was not a party to the case,—the affidavit having been previously used on the hearing of an injunction case between other parties, some of whom were parties to the case on trial. Even if the affidavit was relevant and material, it could not, under the facts, be admissible as evidence.

2. Under the pleadings and evidence in this case the court did not err in failing to charge the jury § 3698 of the Civil Code, which provides that "The tenant can not dispute his landlord's title, nor attorn to another while in possession."

3. A new trial will not be granted on the ground of newly discovered evidence, where it appears that the newly discovered witnesses were parties defendant to the suit on trial, and were present in court during the trial, and were known to be present by the movant, and the affidavits do not disclose what degree of diligence, if any, was exercised to discover the evidence.

4. It was not error, on the trial of such a case as set out in headnote one, to admit in evidence a quitclaim deed from certain heirs at law of one of the alleged vendees of the plaintiff, over the objection that it was irrelevant and immaterial, and should not be admitted "except for purposes of showing that grantor conveyed whatever interest he had in the land to H. B. Lewis," the real defendant in the case.

5. The court did not err in excluding from the jury, at the instance of counsel for the real defendant (the others having disclaimed title), the evidence of a witness sworn for the plaintiff, as follows: "In conversation with H. B. Lewis [the real defendant], in representing H. B. Lewis's brothers in other litigation, I got the impression that H. B. Lewis was the tenant of the plaintiff, Dennard, and I know from what he said to me that he was acting with the plaintiff, Dennard, and against his father." The witness also stated that he had no way of gaining the impression, except from the statement of H. B. Lewis, although witness could not repeat the language used by Lewis, and could not repeat the substance of what Lewis said to the witness.

6. The evidence was sufficient to show a sale of the land as contended by the intervenor, and was sufficient to support the verdict. The court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*
JULY 24, 1914.

Equitable petition. Before Judge Graham. Pulaski superior court. June 28, 1913.

J. J. Dennard proceeded against four named defendants as intruders upon two lots of land, aggregating 405 acres, under the Civil Code, § 5380. The defendants tendered the counter-affidavit provided for by that section, and remained in possession of the land. The plaintiff then filed his petition to the superior court, praying that he recover possession and mesne profits, that the title be decreed to be in him, and that a receiver be appointed to take charge of the land and rent it pending the suit. He described the recorded deeds under which he claimed title, and alleged that he had held exclusive, uninterrupted, and peaceable possession for over twenty years; that the defendants entered without his consent, without any title; that they were insolvent; and that if they were permitted so to remain, he would be damaged without redress, the rental value of the land being $400 a year; etc.

The defendants answered, in effect, that they held possession as tenants under H. B. Lewis, who they were advised and believed was the true owner. They prayed that he be allowed to intervene and be made a party defendant; and they vouched him into court to defend his title. He was allowed by order of court so to intervene; and his answer was in substance as follows: About September 7, 1889, the plaintiff sold the land to intervenor and his father, J. W. Lewis, for $1,500, taking their notes for the price, and executing and delivering to them his bond for title. He put them in possession of the land, and thereafter they held adverse, continuous, peaceable, public, and uninterrupted possession until the death of J. W. Lewis in July, 1911, since which date intervenor has so held. Upon the faith of the contract of sale and purchase they expended, with plaintiff's knowledge, labor and money in clearing the land and erecting permanent improvements thereon. After they had done this, the plaintiff by fraudulent means (described) obtained from J. W. Lewis the bond for title and destroyed it. When intervenor heard of this conduct he notified the plaintiff that he would not abide this effort to avoid the sale and retake the land, but would hold it under the terms of the sale. The plaintiff then agreed that he would not insist on a rescission of the contract, but would make good and sufficient title to the land on payment of $1,605, granting such time as intervenor might wish, and until final demand by plaintiff for payment, so long as intervenor paid him an amount equal to eight per cent. on the agreed price. Pursuant to this con-

tract intervenor gave plaintiff his notes for the price, due January 1, 1901. Ever since the making of this agreement or contract of purchase, intervenor has paid plaintiff the annual sum he agreed to pay as interest, and plaintiff has accepted the payments with full knowledge that they were made in pursuance of the contract of purchase. The taxes on the land have been paid by intervenor and J. W. Lewis ever since 1889. The improvements made by them on the land amounted to $1,500 or other large sum. J. W. Lewis, before his death in January, 1911, released and set over to intervenor his right and title to the land, in consideration of love and affection, the labor and money that intervenor had expended, and of his payments of the annual interest, and of the occupancy and use of the land by J. W. Lewis during the rest of his life; this with the plaintiff's knowledge. There has been no administration on the estate of J. W. Lewis; and his heirs at law have, for good and valuable considerations, sold and conveyed to intervenor their title and interest as such heirs. About sixteen days after the filing of the petition, intervenor tendered to plaintiff $1,733.40 as the amount of principal and interest due on the purchase-price of the land, and requested him to make intervenor a deed conveying the title; but this was refused. The tender is made continuous. He prays for specific performance of the contract of sale, for decree that he has title to the land, etc.

A verdict was rendered, and decree was entered thereon, that the plaintiff be required to convey the land to the intervenor upon payment of $1,733.40. The plaintiff excepted to the overruling of his motion for a new trial, the material grounds of which are indicated by the headnotes.

*W. L. & Warren Grice, J. T. Hill,* and *J. W. Dennard,* for plaintiff. *John P. Ross* and *Howard E. Coates,* for defendant.